**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

August 28, 2023

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:     *Timothy K. v. Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 1:22-CV-02652-JMC

Dear Counsel:

Timothy K. ("Plaintiff") petitioned this Court on October 15, 2022, to review the Social Security Administration's ("SSA" or "Defendant") final decision denying his claim for Supplemental Security Income ("SSI").  (ECF No. 1).  The Court has considered the record in this case as well as the parties' dispositive filings (ECF Nos. 12, 14, & 15).  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2019).  The Court must uphold an agency decision if the decision is supported by substantial evidence and was reached through application of the proper legal standard.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will REMAND the case to the Commissioner for further consideration.  I provide my rationale below.

Plaintiff filed his claim for SSI on February 6, 2019, alleging disability beginning September 27, 2017.  (Tr. 15).[1] His claim was denied initially and again upon reconsideration.  *Id.*  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on April 6, 2020.  *Id.*  Plaintiff's claim was heard before ALJ Scott Massengill on January 6, 2022, via telephone given the Coronavirus Pandemic.  *Id.*  ALJ Massengill subsequently determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  *Id.* at 15–31.  The Appeals Council declined to review the ALJ's decision on September 15, 2022, thereby making the ALJ's decision the final reviewable decision of the SSA.  (Tr. 1–5).

In arriving at the decision to deny Plaintiff's claims, the ALJ followed the five-step sequential evaluation of disability set forth in the Secretary's regulations.  20 C.F.R. § 416.920.  "To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the

---

[1] When the Court cites to "Tr.," it is citing to the official transcript (ECF No. 9) filed in this case.  When citing to specific page numbers within the official transcript, the Court is referring to the page numbers provided in the lower right corner of the official transcript pages.

limitations caused by her medical impairments; and at step five, whether the claimant can perform other work." *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). If the first three steps do not yield a conclusive determination, the ALJ must then assess the claimant's residual functional capacity ("RFC"), "which is 'the most' the claimant 'can still do despite' physical and mental limitations that affect her ability to work[,]" by considering all of the claimant's medically determinable impairments regardless of severity. *Id.* at 635 (quoting 20 C.F.R. § 416.945(a)(1)). The claimant bears the burden of proof through the first four steps of the sequential evaluation. If the claimant makes the requisite showing, the burden shifts to the SSA at step five to prove "that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience." *Lewis v. Berryhill*, 858 F.3d 858, 862 (4th Cir. 2017) (internal citations omitted).

At step one in this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability February 6, 2019. (Tr. 18). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "neurofibromatosis NFI, degenerative disc disease, rheumatoid arthritis (bilateral knees/hands), delayed digestive syndrome, anxiety, depression, and intellectual/learning disability (20 CFR 416.920(c))." *Id.* The ALJ further noted a history of gastroesophageal reflux disease ("GERD"), obesity, and attention deficit disorder in Plaintiff's medical records, but the ALJ concluded that these conditions were non-severe because "they have been responsive to treatment and/or cause no more than minimal work-related limitations." *Id.*

At step three, the ALJ determined that Plaintiff's impairments do not meet or equal one of the listed impairments in the regulations. *Id.* at 19–22; 20 CFR §§ 404(p), 416.920(d), 416.925, 416.926. Specifically regarding Listing 14.09,[2] the ALJ noted that he "considered the [Plaintiff's] . . . immune impairment under listing 14.09" before finding generally that "the objective evidence does not support a conclusion that [Plaintiff's] impairments are of listing-level severity." (Tr. 18). The ALJ's explanation for concluding that Plaintiff's impairments are not of listing-level severity reads:

> The claimant does not have inflammatory arthritis with persistent inflammation or persistent deformity of one or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6); or one or more major peripheral joints in each upper extremity resulting in the inability to perform fine and gross movements effectively (as defined in 14.00C7). The claimant does not have inflammation or deformity in one or more major peripheral joints with involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity; and at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) or ankylosing spondylitis or other spondyloarthropathies, with ankylosis (fixation) of the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 45° or more of flexion from the vertical position (zerondegrees); or ankylosis (fixation) of

---

[2] The Court limits its discussion to the ALJ's analysis of the Listing 14.09 requirements to a discussion of Listing 14.09(B) because the Plaintiff's sole argument asserts that the ALJ failed to properly assess Plaintiff's medical impairments under Listing 14.09(B). *See generally* (ECF No. 12).

the dorsolumbar or cervical spine as shown by appropriate medically acceptable imaging and measured on physical examination at 30° or more of flexion (but less than 45°) measured from the vertical position (zero degrees), and involvement of two or more organs/body systems with one of the organs/body systems involved to at least a moderate level of severity. The claimant does not have repeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level: limitation of activities of daily living; limitation in maintaining social functioning; or limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

*Id.* at 19.

Finding that Plaintiff had not proved that one or more of the above-mentioned severe impairments met or equaled one of the listed impairments in the SSA regulations, the ALJ determined Plaintiff's RFC as follows:

[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he is able to stand/walk up to 4 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday. He is occasionally able to climb ramps or stairs. He is never able to climb ladders, ropes or scaffolds. He is frequently able to balance. He is occasionally able to stoop, kneel, crouch or crawl. He needs to avoid concentrated exposure to vibration. He needs to avoid work at unprotected heights. He would be able to carry out simple instructions and routine, repetitive tasks. He would need to avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). He would be able to perform work activities for up to 2 hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. He is occasionally able to change activities or work settings during the workday without being disruptive. He is occasionally able to deal with changes in a routine work setting. He is able to have occasional interaction with supervisors, coworkers and/or the general public.

*Id.* at 21–22. Given this RFC determination, the ALJ concluded at step four that Plaintiff is unable to perform any past relevant work. *Id.* at 30. Finally, given Plaintiff's RFC, age, education and work experience, the ALJ determined that Plaintiff could perform the following jobs which existed in significant numbers in the national economy: printed circuit board inspector (DOT #726.684-110); document preparer (DOT #249.587-018); and dowel inspector (DOT #669.687-014). *Id.* at 31. Accordingly, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from September 27, 2017, to the date of the ALJ's decision. *Id.*

The Court reviews an ALJ's decision to ensure that the ALJ's findings are supported by substantial evidence and were reached through an application of correct legal standards. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, . . . [which] consists of

more than a mere scintilla of evidence but may be less than a preponderance." *Id.* (other citation and internal quotations omitted).  In accordance with this standard, the Court does not "undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).  Instead, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

Plaintiff argues on appeal that the ALJ's decision was not supported by substantial evidence because the ALJ's step three determination "failed to properly evaluate whether Plaintiff's impairments met or medically equaled the criteria in Listing 14.09." (ECF No. 12 at p. 9).  Specifically, Plaintiff asserts that the ALJ's analysis as to why Plaintiff failed to demonstrate that Plaintiff met or equaled the listing requirements of 14.09 "consists of nothing more than a copy-and-paste of the criteria." *Id.* at p. 16.  The failure to provide any substantive discussion of Listing 14.09(B) in particular, according to Plaintiff, precludes this Court from engaging in meaningful judicial review of the ALJ's decision thereby warranting remand.  For the reasons that follow, I agree with Plaintiff and find that the ALJ's decision at step three is not supported by substantial evidence.  As such, I will remand the case for further review consistent with this Letter Order and Opinion.

## ANALYSIS

The ALJ's step three evaluation of the medical severity of Plaintiff's impairments under Listing 14.09 is not supported by substantial evidence.  20 C.F.R. §§ 404.1520(a)(4), 404.1525, and 404.1526 outline how an ALJ determines whether a claimant's medical impairments "meet" or "equal" an impairment listed in the SSA regulations.  To "meet" an impairment listed in the regulations, the claimant must demonstrate that he or she satisfies "all of the criteria of that listing." *Id.* § 404.1525(c)(3).  But even if a claimant's impairments do not meet a listed impairment, the impairment may still medically "equal" the criteria of a listing if it is "at least equal in severity and duration to the criteria of any listed impairment." *Id.* §404.1526(a); *see also Halperin v. Saul*, 855 F. App'x 114, 116 (4th Cir. 2021) (describing how a claimant may "meet" or "equal" an impairment listed in the SSA regulations).  An ALJ's conclusion as to whether a claimant has met or equaled a listed impairment is upheld if the ALJ "compared each of the listed criteria to the evidence of [the plaintiff's] symptoms." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).  This requires an ALJ to "*directly* connect the medical evidence to the requirements of a listing." *Christopher F. v. Saul*, No. CV GLS 19-03006, 2020 WL 13593665, at *3 (D. Md. Nov. 5, 2020) (emphasis added).  Conversely, "an ALJ does not fulfill his/her duty to analyze the requirements of the relevant listings to the medical findings regarding a claimant's impairments merely by discussing the medical evidence *elsewhere in the decision.*" *Id.* (emphasis added).

Some Circuits have acknowledged that the failure to provide a sufficient explanation at step three may not be automatic grounds for remand because there may still exist substantial evidence in the record to supplement an ALJ's deficient articulation.  *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 733–34 (10th Cir. 2005).  The Fourth Circuit, however, has declared this notion "unavailing and contrary to [its] established precedent in *Radford*," where the Fourth Circuit held that an ALJ's failure to justify his step three determination beyond summary conclusions precluded meaningful judicial review. *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015); *see also Radford v. Colvin*, 734 F.3d 288, 295–96 (4th Cir. 2013).

While there is a small subset of cases in which this Court has affirmed an ALJ's decision despite an overly conclusory step three analysis, those cases have yet to do so in the context of Listing 14.09 and still require "an equivalent discussion of the medical evidence relevant to the Step Three analysis which allows this Court readily to determine whether there was substantial evidence to support the ALJ's Step Three conclusion." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 522 (D. Md. 2002). This requirement is not met where the ALJ fails to "cure[] the inadequate step-three analysis by discussing the record evidence in the context of the requirements" of the applicable listing. *Marcy L. v. Saul*, No. DLB-19-3043, 2021 WL 1224053, at *3 (D. Md. Mar. 31, 2021). In the specific context of a claimant challenging an ALJ's determination regarding whether a claimant's arthritis meets or equals Listing 14.09, though, this Court opined that "an ALJ's finding that a claimant does not meet or equal a listing must include (a) a specific discussion of the claimant's record evidence that was analyzed; and (b) a clear explanation of how the ALJ applied the pertinent listing criteria to that evidence." *Troy Lee H. v. Kijakazi*, No. CV GLS 20-3009, 2022 WL 138431, at *3 (D. Md. Jan. 14, 2022).

The ALJ's decision in the case *sub judice* fails to satisfy this standard. Rather than directly compare each of the Listing 14.09(B) criteria with the medical evidence of Plaintiff's impairments—including Plaintiff's arthritis that the ALJ had already deemed severe—the ALJ merely regurgitated the Listing 14.09 criteria preceded by the phrase, "The claimant does not have . . ." before each sub-section. *See Christina B. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-18-3857, 2020 WL 902677, at *2 (D. Md. Feb. 25, 2020) (remanding where "In her step three analysis, the ALJ dismissed all three subsections of [the applicable listing] by naming the requirements of the three subsections and concluding, without more, that Plaintiff had not met the criteria"); (Tr. 20). Further, the ALJ's subsequent explanation of the Plaintiff's RFC evaluation does not constitute substantial evidence that cures the ALJ's deficient step three analysis. Even when the ALJ mentions Plaintiff's arthritis "elsewhere in the decision," the ALJ does not relate the corresponding medical evidence to directly address whether the Listing 14.09(B) criteria were met, thereby failing to discuss the medical evidence in the context of Listing 14.09. *Christopher F.*, 2020 WL 13593665 at *3; *see* (Tr. 23–25); *Marcy L.*, 2021 WL 1224053 at *3. Rather, the ALJ

conducted a hotchpot review of Plaintiff's medical records without clearly identifying why those medical records failed to establish Plaintiff's disability at step three under Listing 14.09.[3]

Defendant relies on SSA Regulation 17-2p, 2017 WL 3928306 at *4 to argue that the ALJ's decision was proper because "a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding." (ECF No. 14 at p. 11). "This Court has rejected [that] position on multiple occasions" when confronted with an overly conclusory ALJ determination. *Tiffany M. v. Kijakazi*, No. AAQ-21-2284, 2022 WL 4131195, at *5 (D. Md. Sept. 12, 2022) (citing *Marcy L.*, 2021 WL 1224053 at *2–4); *see also Lora C. v. Comm'r, Soc. Sec. Admin.*, No. DLB-19-1385, 2020 WL 2097681, at *2–4 (D. Md. May 1, 2020). Rather, this Court has made clear that even under SSR 17-2p, "a general statement by itself is not sufficient" if an ALJ fails to discuss the applicable listing "at any point after step three." *Tiffany M.*, 2022 WL 4131195 at *5. Moreover, the SSA in such instances must still cite to specific reasoning in the ALJ's decision that would sufficiently demonstrate that the ALJ's "articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process . . . provide[s] rationale that is sufficient for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step [three]." *Id.* (citing SSR 17-2p, 2017 WL 3928306 at *4). Regarding this standard of medical equivalency under SSR 17-2p, the SSA recites the above provision and urges this Court to "take [the ALJ] at his word" rather than citing the specific reasoning within the ALJ's decision that would permit this Court to conclude that SSR 17-2p compels an affirmance of the ALJ's decisoin. (ECF No. 14 at p. 11). As such, this Court finds the SSA's argument unpersuasive and holds that the ALJ failed to adequately explain why he concluded Plaintiff's medical impairments did not meet or equal the requirements of Listing 14.09.

---

[3] The parties offer competing interpretations of whether the criteria of 14.09(B)(1)-(2) must be met as a result of Plaintiff's arthritis rather than in conjunction with Plaintiff's arthritis. *Compare* (ECF No. 14 at pp. 7–8), *with* (ECF No. 15 at pp. 3–4). While the application of the 14.09(B) criteria is best left to the ALJ in the first instance rather than this Court on appellate review, the Court notes an abundance of case law across the Circuits declaring that the 14.09(B)(1)-(2) criteria must be met *as a result* of Plaintiff's arthritis. *See, e.g.*, *Gurule v. Colvin*, No. 5:15CV278, 2015 WL 9319177, at *6 ("Plaintiff also has not met the criteria of Section 14.09(B)(2), which requires demonstration that her arthritis condition *resulted* in at least two constitutional signs and symptoms . . . .") (emphasis added); *Pondel v. Saul*, No. 19-1078-TMP, 2019 WL 6878875, at *5 (W.D. Tenn. Dec. 17, 2019) (analyzing whether medical records supported a finding "that other organs/body systems *were affected by* . . . rheumatoid arthritis" under the 14.09(B)(1) criteria); *Dent v. Colvin*, No. 13 C 4452, 2014 WL 4435455, at *12 (N.D. Ill. Sept. 5, 2014) (concluding that "Plaintiff's arthritis did not involve any of her body systems . . . to a moderate level of severity"). Whether the medical evidence in this record satisfies this understanding of Listing 14.09 is best left to the ALJ in the first instance; such a determination should not be left to the determination of this Court in a post hoc review. *See Marcy L.*, 2022 WL 1224053 at *3 (indicating that when faced with the failure of the ALJ to properly perform a review in the first instance, the Court should not "review the record and cure the ALJ's deficienc[ies] by coming to some conclusion that could be consistent with—but totally distinct from—the conclusions to which the ALJ himself came") (other citation and internal quotation marks omitted).

## **CONCLUSION**

In sum, the Court agrees with Plaintiff that the ALJ failed to adequately analyze whether Plaintiff's medical impairments met or equaled the Listing 14.09 criteria at step three.  Thus, the Court cannot conclude that substantial evidence supports the ALJ's final determination.  The Court must therefore remand the case.

Accordingly, for the reasons set forth herein, this case is hereby REMANDED for further proceedings in accordance with this Letter Order and Opinion.

Despite the informal nature of this letter, it is an Order and Opinion of the Court, and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____

J. Mark Coulson
United States Magistrate Judge